IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ABC IP, LLC; LAD, LLC; and LAWRENCE DEMONICO, *Plaintiffs* § § § § | |
| v. § | CIVIL ACTION NO. 1:25-cv-00864 |
| § SPIDER HOLE, LLC; SPIKE'S TACTICAL, LLC and MICHAEL REGISTER, *Defendants* § § § § § § | |

## DEFENDANTS' MOTION TO DISMISS

Defendants, SPIDER HOLE, LLC ("Spider Hole"), SPIKE'S TACTICAL, LLC ("Spikes") and MICHAEL REGISTER ("Register")(collectively, "Defendants"), by and through the undersigned counsel and pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3) of the Federal Rules of Procedure, move this Court to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue, and state:

### I.  INTRODUCTION

As set forth in greater detail herein, Defendants assert three bases for dismissal of the Complaint in its entirety (1) The Plaintiffs fail to assert allegations sufficient to establish that this Court has Subject Matter Jurisdiction, and (2) The Plaintiffs fail to assert sufficient allegations to establish personal jurisdiction over Spike's Tactical, LLC and Michael Register; and (3) Plaintiffs' assertion for venue based on the forum selection clause in the ABC IP, LLC Operating Agreement (the "Operating Agreement") is improper.

## II.   THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

A party attempting to invoke the jurisdiction of the federal courts bears the burden of establishing that jurisdiction. *Langley v. Jackson State University*, 14 F.3d 1070 (5th Cir.), *cert. denied*, 513 U.S. 811 (1994). Federal district courts are "courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). If a federal court determines that it lacks subject matter jurisdiction at any time during a dispute, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3).

The party invoking jurisdiction must allege facts that establish the court's subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992). *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F. 2d 1553, 1558-1559 (9th Cir. 1987). Rule 8(a)(1) of the Federal Rules of Civil Procedure requires each pleading contain "a short and plain statement of the grounds for the court's jurisdiction…" The Complaint does not contain any allegations invoking federal question jurisdiction, and it fails to allege the facts necessary for diversity jurisdiction.

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Beavers v. A.O. Smith Elec. Products Co.*, 265 Fed. Appx. 772, 777 (11th Cir. 2008). "For a federal court to have diversity jurisdiction the plaintiff must allege a proper jurisdictional basis in the complaint including an amount in controversy in excess of [$75,000] exclusive of interest and costs, and that the plaintiff and defendants are citizens of different states." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person. For a corporate defendant the complaint must allege either the corporation's state of incorporation or principal place of business." *Id*. at 1367.

For limited liability companies, citizenship is determined by the citizenship of all members, not merely the state of formation or the principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010); *Settlement Funding, LLC v. Rapid Settlements*, Ltd., 851 F.3d 530,536 (5th Cir. 2017). *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019).

The plaintiff has the burden to affirmatively allege facts demonstrating the existence of jurisdiction but failed to allege the citizenship of the Plaintiffs. In the absence of allegations of the parties' citizenship, the federal courts do not have jurisdiction on diversity grounds, and the Complaint should be dismissed. *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Even on a most generous reading of the Complaint, the Court should find that the Plaintiffs have failed to allege a basis for subject matter jurisdiction. Plaintiffs assert that the Court has jurisdiction based on diversity jurisdiction. 28 U.S.C. § 1332. However, Plaintiffs have failed to properly allege the citizenship of ABC IP, LLC and LAD, LLC. To identify the citizenship of an LLC or other unincorporated entity, a party must list the citizenship of all members of that entity. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.*C., 374 F.3d 1020, 1022 (11th Cir. 2004). Where a member of the party is also an unincorporated entity, its members must also be identified continuing on through however many layers of members there may be. *See Purchasing Power, LLC v. Bluestem Brands, Inc*., 851 F.3d 1218, 1220 (11th Cir. 2017). Plaintiffs have not alleged the citizenship of all members of ABC IP, LLC and LAD, LLC. If any member is a citizen of Florida, complete diversity is destroyed, as Defendants are citizens of Florida. See *Mitchell v. Bailey*, 982 F.3d 937 (5th Cir. 2020); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989). Plaintiffs bear the burden of properly alleging facts supporting diversity jurisdiction. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir.

2003). Accordingly, Plaintiffs have not met their burden to assert sufficient allegations supporting diversity jurisdiction.

Not only have the Plaintiffs not sufficiently met their burden of properly alleging facts to support diversity jurisdiction, but the Plaintiffs' reliance on the contractual provisions of the Operating Agreement of ABC IP, LLC is also misplaced. Federal courts require an independent jurisdictional basis; jurisdiction cannot be created by agreement or control. *Badgerow v. Walters*, 142 S.Ct. 1310, 1316 (2022). Accordingly, the Plaintiffs cannot rely upon the Operating Agreement of ABC IP, LLC to establish jurisdiction. Notably, all the Defendants are not parties to the Operating Agreement.

The Plaintiffs in this action have not properly alleged diversity jurisdiction and improperly rely on a contractual provision that does not apply to all parties and cannot establish jurisdiction. Accordingly, this Court cannot establish that federal subject matter jurisdiction exists in this case, and the Complaint must be dismissed.

### III. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURSIDICTION

The Plaintiffs have failed to allege any contacts with the forum state of Texas for Michael Register and Spikes Tactical, LLC. The only facts pled are that the Operating Agreement of ABC, IP, LLC has a jurisdiction and venue provision for resolution of operating agreement disputes in Texas. Notably, only Defendant Spider Hole, LLC was a member of ABC IP, LLC. Spikes Tactical, LLC and Michael Register, are not parties to the Operating Agreement. In the absence of more specific allegations, the Plaintiffs have failed to sufficiently allege that Defendants have sufficient minimum contacts with the forum state.

The forum selection clause cannot confer jurisdiction over non-signatory defendants or for claims outside the scope of the agreement. See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462,

474 (1985) ("The constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State."). Defendants lack sufficient minimum contacts with Texas to support general or specific jurisdiction. The alleged conduct occurred primarily in Florida, and Defendants do not conduct business in Texas. See *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (Due process requires that the defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.). The Fifth Circuit has held that a court must determine whether the defendant "purposefully availed" itself of the privilege of conducting activities within the forum state. *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007). Jurisdiction cannot be exercised solely on the basis of a contract with a resident of the forum state. *Burger King*, 471 U.S. at 478; *Freudensprung v. Offshore Technical Services, Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).

Defendants are Florida entities and a Florida resident. Plaintiffs alleged jurisdiction based on a forum selection clause in the Operating Agreement. However, this reliance is misplaced. Not all claims asserted by Plaintiffs arise out of or relate to the Operating Agreement and not all Defendants are parties to the Operating Agreement. The Plaintiffs have failed to allege sufficient allegations to establish minimum contracts with the forum state of Texas for Michael Register and Spikes Tactical, LLC who are not parties to the Operating Agreement and therefore, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction.

## IV.     THE COMPLAINT SHOULD BE DISMISSED FOR IMPROPER VENUE

Plaintiffs alleged venue is proper based upon the forum selection clause in the Operating Agreement of ABC IP, LLC. However, venue is proper only if the claims fall within the scope of the forum selection clause and all the parties are bound by it. *See Stewart Organization, Inc. v.*

*Ricoh Corp.*, 487 U.S. 22, 29 (1988). In the instant action, all the claims do not fall within the scope of the forum selection clause, and all the Defendants are not bound by the Operating Agreement.

The Fifth Circuit requires courts to consider whether the forum selection clause is mandatory or permissive, and whether it applies to all claims and parties. *Collins v. Mary Kay, Inc.,* 874 F.3d 176 (3rd Cir. 2017). Venue is improper for claims and parties not subject to the agreement, and for claims that do not arise out of or relate to the contract. *See In Re Rolls Royce Corp.*, 775 F.3d 671, 678-680 (5th Cir. 2014).

The forum selection clause does not apply to all claims, and not all Defendants are bound by the clause. Accordingly, Plaintiffs' reliance on the forum selection clause in the Operating Agreement is misplaced and the Plaintiffs' Complaint should be dismissed for improper venue.

## V.    CONCLUSION

For the foregoing reasons, Defendants, SPIDER HOLE, LLC, SPIKE'S TACTICAL, LLC, and MICHAEL REGISTER, request that the Court dismiss the Complaint for lack subject matter jurisdiction, lack of personal jurisdiction, and improper venue.

## **GOOD FAITH CONFERENCE**

Pursuant to Local Rule CV-7(g), the opposing party was unavailable prior to the Motion's filing. The movant will diligently try for 3 days to contact the opposing party in conformity with Local Rule CV-7(g) and promptly supplement the Motion as appropriate.

/s/ Michael E. Long
Michael E. Long, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of September 2025, the foregoing was served electronically through the Court's CM/ECF system which will send notification of such filing to all counsel of record.

Respectfully submitted,

SNELL LAW

BY:  /s/ Jason W. Snell
  Jason W. Snell
  Bar No. 24013540
  404 W. 13th Street
  Austin, Texas 78701
  (512) 477-5291 – Telephone
  (512) 477-5294 – Fax
  firm@snellfirm.com – Email

And

  /s/ Michael E. Long
  MICHAEL E. LONG, ESQUIRE
  Florida Bar No.: 0309620
  **BREWERLONG PLLC**
  407 Wekiva Springs Rd Ste 241
  Longwood, FL 32779
  Email: mlong@brewerlong.com
  Secondary Email:
  emailserviceonly@brewerlong.com
  taylor@brewerlong.com
  Telephone: (407) 660-2964
  Facsimile: (407) 660-4439

  ATTORNEYS FOR DEFENDANTS